**FRANK IREY, JR., INC., Plaintiff,**

v.

**James D. HODGSON, Secretary of Labor, U. S. Department of Labor, et al., Defendants.**

**Civ. A. No. 72-26 F.**

United States District Court,
N. D. West Virginia,
Fairmont Division.

Argued July 24, 1972.

Decided July 28, 1972.

---

Paul A. Simmons, Monongahela, Pa., and Russell L. Furbee, Furbee, Amos, Webb & Critchefield, Fairmont, W. Va., for plaintiff.

Paul C. Camilletti, U. S. Atty., Wheeling, W. Va., and David J. Anderson, Atty. Dept. of Justice, General Litigation Section, Washington, D. C., for defendants.

Before FIELD, Circuit Judge, and CHRISTIE and MAXWELL, District Judges.

PER CURIAM:

The plaintiff construction company has been issued citations and proposed assessments of fines by the Secretary of Labor pursuant to the Occupational Safety and Health Act of 1970, 29 U.S.C. § 651 et seq. (1970). The plaintiff filed a notice of contest in accordance with the Act and the Secretary filed a complaint alleging several violations. In its answer to the Secretary's complaint the plaintiff denied the alleged violations and also challenged the Secretary's charge that the citations were wilful or serious. The case against the plaintiff has been assigned to a Judge of the Occupational Safety and Health Review Commission who has taken evidence bearing upon the alleged violations and his decision and report will be filed in the near future.

The plaintiff filed the present complaint seeking declaratory and injunctive relief on the grounds that certain sections of the Act are unconstitutional on their face and/or as applied to the plaintiff. Jurisdiction, alleged under 28 U.S.C. § 1331, is conceded by the Secretary, and a three-judge court was convened pursuant to 28 U.S.C. §§ 2282 and 2284.

We conclude that the complaint must be dismissed for failure to exhaust administrative remedies under the statutory pattern of the Act. The decision and report of the administrative Judge which will be filed in the near future will become the "final order" of the Commission within thirty days after its issuance unless the Commission grants a review, and in any event, if the action of the Commission is adverse to the plaintiff, it may obtain judicial review of the "final order" in the appropriate United States Court of Appeals. 29 U.S.C. § 660 (a). Confronted with a similar situation, a three-judge court in the Northern District of Georgia in the case of Lance Roofing Company, Inc., et al. v. James D. Hodgson, Secretary of Labor, et al., 343 F.Supp. 685 (1972), applied the rationale of DuBois Clubs v. Clark, 389 U.S. 309, 88 S.Ct. 450, 19 L.Ed.2d 546 (1967), and dismissed the complaint for the failure to exhaust the administrative remedies. We agree with the Georgia Court that judicial review of all of the issues, including the constitutional challenges, is effectively available to the plaintiff under the Act, and that such a review is preferable to the determination of "important and difficult constitutional issues * * * devoid of factual context" in the present proceeding. See DuBois Clubs v. Clark, *supra,* at 312, 88 S.Ct., at 452.

For the foregoing reasons the plaintiff's complaint will be dismissed.

Dismissed.