**UNITED STATES STEEL CORPORATION, Consolidation Coal Company, and Crescent Hills Coal Company, Inc., Plaintiffs,**

v.

**Ray MARSHALL, Secretary of Labor, Washington, D.C., Defendant.**

**Civ. A. No. 77–1333.**

United States District Court,
W. D. Pennsylvania.

June 11, 1979.

Harold R. Schmidt, Rose, Schmidt, Dixon, Hasley, Whyte & Hardesty, Pittsburgh, Pa., Guy Farmer, Farmer, Shibley, McGuinn & Flood, Washington, D. C., for plaintiffs.

Raymond M. Larizza, U. S. Dept. of Justice, Washington, D. C., for defendant.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

SIMMONS, District Judge.

The Court, having examined the pleadings, having heard the statement of counsel, and being fully advised, now enters the following Findings of Fact, Conclusions of Law, and Order.

### FINDINGS OF FACT

1. Plaintiffs filed an Amended Complaint for Declaratory Judgment and Injunctive Relief with respect to the operation, administration and enforcement of the Federal Mine Safety and Health Amendments Act of 1977, Pub.L.No. 95–164, 91 Stat. 1290, 30 U.S.C. § 801 et seq. (1977).

2. The Defendant is the Secretary of Labor, the officer of the United States Department of Labor authorized and empowered to administer the above-referred to Act with the exception of certain provisions not pertinent to this action.

3. The Plaintiffs allege that this Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1337 because they claim that this matter arises under the Constitution of the United States, specifically, "Fourth", "Fifth", "Sixth" and "Eighth" Amendments thereto; under the Federal Mine Safety and Health Amendments Act of 1977, Pub.L.No. 95–164, 91 Stat. 1290, 30 U.S.C. § 801 et seq. (1977), a law of the United States regulating commerce; under the Administrative Procedure Act, Pub.L. 89–554, 80 Stat. 392, 5 U.S.C. § 551 et seq. (1966); and Plaintiffs also challenge the development, implementation and enforcement of "mandatory, health and safety standards". (The mandatory standards referred to are contained in Title II of the Federal Coal Mine Health and Safety Act of 1969, Pub.L.No. 91–173, 83 Stat. 742 (1969), as supplemented by the promulgation of regulations pursuant thereto).

4. The Defendant answered the Amended Complaint and alleged as a second defense that this Court had no jurisdiction over the subject matter of this action; and as a third defense that the Plaintiffs have failed to exhaust their administrative remedies.

### CONCLUSIONS OF LAW

1. This Court holds that it lacks subject matter jurisdiction over all aspects of this case.

2. It is clear that it was the legislative intent of the United States Congress that the United States District Courts are not to exercise jurisdiction in this type of case where other avenues for review have been provided. Such an intent on the part of Congress not to grant the United States District Courts jurisdiction in cases of this kind may be either expressed or implied by the context of the entire legislative scheme. *Lance Roofing Co. v. Hodgson*, 343 F.Supp. 685 (N.D.Ga.), aff'd mem., 409 U.S. 1070, 93 S.Ct. 679, 34 L.Fd.2d 659 (1972); *Frank Irey, Jr., Inc. v. Hodgson*, 354 F.Supp. 20 (N.D.W.Va.), aff'd., 409 U.S. 1070, 93 S.Ct. 682, 34 L.Ed.2d 659 (1972).

3. The structure of this Act in this case indicates that Congress intended that legal challenges to the constitutionality of said Act, legal challenges to its enforcement and legal challenges to regulations promulgated thereunder, shall be heard by the United States Court of Appeals and not by the United States District Courts. *Id.* See *Bituminous Coal Operators' Association, Inc. v. Marshall,* 82 F.R.D. 350, (D.D.C. 1979).

### ORDER

Pursuant to the aforestated Findings of Fact and Conclusions of Law this day entered, IT IS ORDERED AND ADJUDGED that this case is dismissed for want of federal jurisdiction.