Ray MARSHALL, Secretary of Labor, United States Department of Labor, Plaintiff-Petitioner,

v.

CHROMALLOY AMERICAN CORPORATION, FEDERAL MALLEABLE DIVISION, Defendant-Respondent.

In the Matter of Establishment Inspection of CHROMALLOY AMERICAN CORPORATION, FEDERAL MALLEABLE DIVISION.

Civ. A. No. 77–C–291.

United States District Court, E. D. Wisconsin.

July 12, 1977.

Carin Ann Clauss, Sol. of Labor, Washington, D. C., Herman Grant, Regional Sol., Dale L. Blank, Atty., U. S. Dept. of Labor, Chicago, Ill., for plaintiff-petitioner.

Clifford B. Buelow, Milwaukee, Wis., for defendant-respondent.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

Before the Court is the motion of the petitioner, Secretary of Labor, to show cause pursuant to 28 U.S.C. § 636(d) as to why the respondent Chromalloy American Corporation, Federal Malleable Division, should not be held in contempt for failure to comply with an Occupational Safety and Health Administration ("OSHA") inspection warrant, issued by U. S. Magistrate

McBride, pursuant to § 8(a) of the Occupational Safety and Health Act of 1970 ("the Act"), 29 U.S.C. § 657(a). For the reasons which follow, the petition will be granted.

The U. S. Magistrate has certified the following facts to the Court pursuant to 28 U.S.C. § 636(d). Upon the application of OSHA Officer Randall C. Sherman, a warrant for inspection under the Act was issued by the magistrate on April 20, 1970, for inspection of the workplace of Chromalloy American Corporation ("Chromalloy"), West Allis, Wisconsin. On April 20, 1977, Howard McVickers *, then the works manager at Chromalloy, was served with a certified copy of the warrant for inspection, directing Chromalloy to permit compliance officers of OSHA to enter the premises of Chromalloy in West Allis at reasonable times during ordinary business hours, and to inspect the premises in a reasonable manner and to a reasonable extent. On April 20, 1977, the respondent corporation, through its agent McVickers, failed to comply with the inspection warrant in that it refused to allow the OSHA officers to conduct the inspection pursuant to the warrant. McVickers stated that he could not permit the officers to enter on the basis that the warrant was not for a specific area of the plant. Immediately after denial of entry to the premises, the OSHA officers left.

Although the respondent has not formally moved to quash the warrant, it contests the lawfulness of the search warrant on several grounds as a defense to the contempt proceedings. First, it is asserted that § 8(a) of the Act, pursuant to which the inspection warrant was obtained, is in violation of the Fourth Amendment. At oral argument, the respondent added the due process argument that the congressional delegation of power to OSHA is so lacking in discernible standards that it is impossible to measure OSHA's actions for fidelity to the legislative will. Secondly, the respondent asserts that the magistrate is without jurisdiction to issue such an inspection warrant. Thirdly, the respondent asserts that there was no probable cause to issue an inspection warrant because there was no employee complaint or recent death or injury on the premises. Lastly, Chromalloy asserts that the warrant is defective because it lacks particularity as to the premises to be searched.

With regard to respondent's quest to invalidate § 8(a) of the Act for its alleged condonation of warrantless inspection searches, the Court is aided by the analysis contained in *Brennan v. Gibson's Products, Inc. of Plano,* 407 F.Supp. 154, 162 (E.D. Texas 1976), in which a three-judge court construed the statute to authorize an inspection over an objection only when conducted by a warrant:

"Fortunately, we are spared the necessity of invalidating the OSHA inspection provisions. The statute does not explicitly authorize warrantless searches. While it does authorize entries 'without delay,' this is not an unambiguous equivalent for 'without a warrant.' The legislative history of OSHA is generally silent on this point. Mindful of our duty to construe a statute, if possible, in a manner consistent with the fourth amendment, we believe that 29 U.S.C. § 657(a) was intended by Congress to authorize objected-to OSHA inspections only when made by a search warrant issued by a United States Magistrate or other judicial officer of the third branch under probable cause standards appropriate to administrative searches—that is, in a constitutional manner. * * *"

The Court notes that the issue of the constitutionality of a warrantless search pursuant to § 8(a) is presently pending before the U. S. Supreme Court in *Marshall v. Barlow's, Inc.,* 429 U.S. 1347, 97 S.Ct. 776, 50 L.Ed.2d 739, involving an appeal of a three-judge court decision in Idaho which enjoined the Secretary of Labor from enforcing § 8(a) of the Act. The Supreme

* MR. McVickers has since left the employ of Chromalloy and has been dismissed from the suit on stipulation of the parties.

Court has stayed all parts of the injunction except as it applies to the Secretary and Barlow's, Inc. In light of the stay in *Barlow* and the circumstances of this case which involves the use of a warrant procedure, this Court finds guidance in the remedial construction given the statute in *Brennan,* supra.

■ Respondent has argued, without more, that the Act must be voided under *City of East Lake v. Forest City Enterprises, Inc.,* 426 U.S. 668, 96 S.Ct. 2358, 49 L.Ed.2d 132 (decided June 21, 1976), as an improper delegation of legislative power. Respondent asserts that the Act is so lacking in standards as to render impossible any measurement of OSHA's performance against the legislative will. *East Lake,* supra, involved a challenge to a municipal referendum procedure regarding zoning and is inapposite here. Without more articulation and application to the Act herein, respondent's argument must be rejected.

■ Nor is the Court persuaded by respondent's argument that the magistrate lacks authority to issue such a warrant. Defendants have advanced the arguments that Rule 41 of the Federal Rules of Criminal Procedure grants authority to magistrates to issue warrants only with respect to matters related to criminal offenses, and that the magistrate's referral of a similar case to another branch in this district for issuance of an OSHA inspection warrant is dispositive of the matter. The latter contention clearly lacks merit; referral of the matter to the district court does not abolish any authority the magistrate may have. An examination of 28 U.S.C. § 636(a), which pertains to the jurisdiction of the U. S. Magistrates, indicates that the magistrate has "(1) all powers and duties conferred or imposed upon United States commissioners by law or by the Rules of Criminal Procedure for the United States District Courts." Petitioner herein argues that historically United States Commissioners had the power to issue several types of warrants under the provisions of various civil and criminal statutes, and that these powers were transferred to the U. S. Magistrates with the passage of the Federal Magistrates Act of 1968. Petitioner further argues that the scope of the criminal rules granting authority to U. S. Magistrates is not limited to matters related to criminal offenses, and that a proceeding in which a warrant is sought is a "preliminary supplemental and special" proceeding within the meaning of Rule 1, Federal Rules of Criminal Procedure, which sets forth the scope of the rules. The Court agrees that the incorporation of all the powers and duties of the former U. S. Commissioners and of all the powers set out in the Federal Rules of Criminal Procedure grants to U. S. Magistrates the power and authority to issue warrants to federal enforcement officers, such as are involved here.

Respondent next challenges the warrant on probable cause grounds. It is argued that because there was no employee complaint or recent death or injury on the premises, the magistrate had no basis on which to issue the warrant. The pertinent portion of the application of OSHA compliance officer Sherman for the inspection warrant states:

"2. The desired inspection is part of an inspection and investigation program designed to assure compliance with the Act in the foundry industry, and is authorized by section 8(a) of the Act.

\* \* \* \* \* \*

"9. Proper entry pursuant to section 8(a)(1) of the Act for the aforesaid purposes was attempted by duly authorized compliance officers of the Occupational Safety and Health Administration, United States Department of Labor, on the 19th day of April, 1977, in the course of a National-Local plan designed to achieve significant reduction in the high incidence of occupational injuries and illnesses found in the metal-working and foundry industry, but the right of entry was denied by the employer, or an agent of the employer."

■ The level of probable cause appropriate to administrative warrant cases has been set forth in *See v. City of Seattle,* 387

U.S. 541, 87 S.Ct. 1737, 18 L.Ed.2d 943 (1967), and *Camara v. Municipal Court of the City and County of San Francisco*, 387 U.S. 523, 536–539, 87 S.Ct. 1727, 18 L.Ed.2d 930 (1967). At page 538, 87 S.Ct. at page 1736, the Court in *Camara* enunciated a standard of reasonableness "which will vary with the municipal program being enforced" and "will not necessarily depend upon specific knowledge of the condition of the particular dwelling." Here, the magistrate was confronted with a request for a warrant to inspect a business which by its very nature is potentially hazardous to the employee and a congressional directive contained in the Act stating that it is its purpose and policy " * * * to assure so far as possible every working man and woman in the Nation safe and healthful working conditions * * *." 29 U.S.C. § 651(b). The Court finds that given the purpose of the Act and the nature of the business involved, probable cause existed to issue the warrant.

 Respondent's objection to the lack of specificity of the warrant as to the area to be searched is also rejected. Respondent asserts that the warrant is defective for failure to limit the search to the facts constituting probable cause. The Court is satisfied that the warrant is sufficiently particular as to the premises to be searched and the manner of the search.

IT IS THEREFORE ORDERED AND ADJUDGED that the respondent Chromalloy American Corporation is in civil contempt of this court by its failure to comply with the warrant for inspection issued by U. S. Magistrate McBride on April 20, 1977.

IT IS FURTHER ORDERED that respondent, in order to purge itself of said contempt, permit any compliance officer of the Occupational Safety and Health Administration to enter the workplace described as:

Chromalloy American Corporation
Federal Malleable Division
805 South 72nd Street
West Allis, Wisconsin

forthwith during regular working hours or at other reasonable times, and to inspect and investigate in a reasonable manner and to a reasonable extent (including but not limited to the taking of photographs and samples and to question privately any employer, owner, operator, agent or employee of the establishment), the workplace or environment where work is performed by employees of the employer and all pertinent conditions, structures, machines, apparatus, devices, equipment, materials, and all other things therein (including records, files, papers, processes, controls, and facilities) bearing on whether this employer is furnishing to its employees employment and a place of employment which are free from recognized hazards that are causing or are likely to cause death or serious physical injuries to its employees, and whether this employer is complying with occupational safety and health standards promulgated under the Act and the rules, regulations, and orders issued pursuant to the Act.