In the Matter of Establishment Inspection of NORTHWEST AIRLINES, INC., a corporation.

Misc. No. 594.

United States District Court, E. D. Wisconsin.

Sept. 9, 1977.

Dale L. Blank, U. S. Dept. of Labor, Chicago, Ill., for plaintiff.

Truman McNulty, Kluwin, Dunphy, Hankin & McNulty, Milwaukee, Wis., for defendant.

## MEMORANDUM AND ORDER

WARREN, District Judge.

This action is before the Court on an application by the Occupational Safety and Health Administration (OSHA) for an inspection warrant under the Occupational Safety and Health Act of 1970, 29 U.S.C. § 651, *et seq.*, (Act). This application was initially filed before the magistrate for this district but was transferred to this Court when Northwest Airlines, Inc., (Northwest), the owner of the premises sought to be searched, filed an objection to the issuance of the warrant.

Northwest raises several issues: (1) the jurisdiction of the magistrate to issue the inspection warrant; (2) the constitutionality of § 8(a) of the Act as to both searches without a warrant and searches pursuant to a warrant; (3) the jurisdiction of OSHA over the premises sought to be searched;

and (4) the sufficiency of the affidavit attempting to establish probable cause.

■ The jurisdiction of the magistrate to issue a warrant in this setting was considered by Judge Reynolds in *Marshall v. Chromalloy American Corp.*, 433 F.Supp. 330 (1977 E.D.Wis.). The Court would adopt that portion of Judge Reynolds' decision and conclude that the magistrate does have jurisdiction to issue the warrant. The Court does not feel, however, that this case should be remanded to the magistrate and it will rule on the application in the first instance.

■ The issue raised concerning the jurisdiction of OSHA over the premises in question need not be decided by the Court. The Act requires that Northwest exhaust its administrative remedies in this regard prior to seeking a judicial determination of the issue. *Endicott Johnson Corp. v. Perkins*, 317 U.S. 501, 63 S.Ct. 339, 87 L.Ed. 424 (1942); *In re Establishment of Restland Memorial Park*, 540 F.2d 626 (3d Cir. 1976); *Usery v. Northwest Orient Airlines, Inc.*, No. 76-C-2177, June 10, 1977 (E.D.N.Y.).

■ While this Court would agree with Northwest that warrantless searches pursuant to § 8(a) of the Act are unconstitutional, (*Camara v. Municipal Court*, 387 U.S. 523, 87 S.Ct. 1727, 18 L.Ed.2d 930 (1967); *See Brennan v. Gibson's Products of Plano, Inc.*, 407 F.Supp. 154 (E.D.Tex.1976); *Barlow's Inc. v. Usery*, 3 Empl. Safety & Health Guide (CCH) ¶ 21,418 (D.Ida., Dec. 30, 1976) probable jurisdiction noted *sub nom. Marshall v. Barlow's Inc.*, 429 U.S. 1347, 97 S.Ct. 776, 50 L.Ed.2d 739 (1977).) The facts presented in this case are such that this decision does not dispose of the matter. OSHA is not attempting to conduct a warrantless search but rather seeks a warrant in this proceeding.

■ The issue presented is whether the Act can be salvaged by judicial interpretation allowing a warrant procedure. While this Court is of the opinion that any interpretation of the Act authorizing a warrant procedure is nothing less than judicial legislation, (*see, Barlow's Inc. v. Usery, supra,* contra, *Brennan v. Gibson Products of Plano, Inc., supra; Marshall v. Chromalloy American Corp., supra*), I find that I need not base my ruling on this basis since I find that the affidavit submitted to this Court is insufficient to establish probable cause.

The affidavit seeks to establish probable cause in paragraphs 2 and 3.

2. On February 15, 1977, the Occupational Safety and Health Administration ("OSHA") received a written complaint from an employee of Northwest Airlines, Inc. This complaint alleged, in pertinent part, that violations of the Act exist which threaten physical harm to the employees, and an inspection by OSHA was requested. Based on the information in the complaint OSHA had determined that there are reasonable grounds to believe that such violations exist, and desires to make the inspection required by section 8(f)(1) of the Act.

3. The desired inspection is also part of an inspection and investigation program designed to assure compliance with the Act and is authorized by section 8(a) of the Act.

■ The Supreme Court discussed the "probable cause" requirements for issuing a warrant in an administrative setting in *Camara*. The Court stated:

Having concluded that the area inspection is a "reasonable" search of private property within the meaning of the Fourth Amendment, it is obvious that "probable cause" to issue a warrant to inspect must exist if reasonable legislative or administrative standards for conducting an area inspection are satisfied with respect to a particular dwelling. Such standards, which will vary with the municipal program being enforced, may be based upon the passage of time, the nature of the building (*e.g.*, a multi-family apartment house), or the condition of the entire area, but they will not necessarily depend upon specific knowledge of the condition of the particular dwelling. 387 U.S. at 538, 87 S.Ct. at 1735.

In order for a magistrate to issue a warrant for an administrative search, he must be provided some basis for concluding that the search is reasonable.

In paragraph 2 of the affidavit in this case, OSHA seeks to establish probable cause by simply asserting that it has reasonable grounds to believe a violation exists. To issue a warrant on this basis alone would be to authorize a "rubber stamp" warrant, and leave "the occupant subject to the discretion of the official in the field." *Id.* at 532, 87 S.Ct. at 1733.

If the compliance officer wishes to establish probable cause by showing that there is reason to believe that a violation exists, he must provide the magistrate with the factual data which gives rise to his belief so that it can be evaluated by the magistrate. While all of the requirements of *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), and *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), need not be met, the magistrate must be given some factual basis for concluding that a violation exists at the time the warrant is requested. If the existence of a violation is the only basis for the warrant, the warrant should be so limited.

The affidavit also states that the "desired inspection is also part of an inspection and investigation program designed to assure compliance with the Act. . . . " Such a statement again requests a "rubber stamp" warrant. The Supreme Court, as quoted above, has held that probable cause exists "if *reasonable* legislative or administrative standards for conducting an area inspection are satisfied with respect to a particular dwelling." *Camara*, 387 U.S. at 538, 87 S.Ct. at 1736 (emphasis added). The "standards" referred to do not relate to the manner in which the search is conducted, *e.g.*, time of day, persons making the search, etc. It refers rather to the criteria used to determine if a search should be conducted in the first instance. This is made clear by the following sentence in *Camara*: "Such standards, which will vary with the municipal program being enforced,

may be based upon the passage of time, the nature of the building (*e.g.*, a multi-family apartment house), or the condition of the entire area . . . ." A yearly fire inspection of a warehouse may be reasonable under the circumstances, but a daily fire inspection might not pass muster. In any event, the reasonableness of the standards or program is not for the official in the field to determine. It is for the magistrate who must be informed of the standards being utilized.

The affidavit presently before the Court states simply that the inspection is part of a "program." There is absolutely no basis from which a conclusion of reasonableness could be drawn.

For the reasons stated above, the application for an inspection warrant is DENIED.

So ordered this 9th day of September, 1977 at Milwaukee, Wisconsin.