**WEYERHAEUSER COMPANY, a corporation, Plaintiff,**

v.

**Ray MARSHALL, Secretary of Labor, et al., Defendants.**

**No. 77–C–781.**

United States District Court, E. D. Wisconsin.

July 3, 1978.

Kluwin, Dunphy, Hankin & McNulty by Truman Q. McNulty, Milwaukee, Wis. (Douglas B. M. Ehlke, Tacoma, Wash., of counsel), for plaintiff.

Joan F. Kessler, U. S. Atty. by William E. Callahan, Jr., Asst. U. S. Atty., Milwaukee, Wis. (Gerald Moton, Chicago, Ill., of counsel), for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

This action is before me on the plaintiff's motions for a preliminary injunction and for an order quashing an administrative inspection warrant and suppressing evidence obtained thereunder. The defendants have filed a motion to dismiss or alternatively for summary judgment.

In this action, the plaintiff seeks declaratory and injunctive relief because of an allegedly improper administrative inspection conducted by the defendants under section 8(a) of the Occupational Safety and Health Act (OSHA), 29 U.S.C. § 657(a). The defendants are the Secretary of Labor, an Assistant Secretary of Labor responsible for enforcement of OSHA, the Occupational Safety and Health Administration and three of its compliance officers, an OSHA area director, and the Occupational Safety and Health Review Commission.

According to the complaint, on June 30, 1977, the defendant compliance officers appeared at the plaintiff's corrugated box manufacturing plant in Manitowoc, Wisconsin, to conduct a safety and health inspection of the premises. They were refused entry. On July 7, 1977, one of the compliance officers returned with a warrant issued by a United States magistrate, and the plaintiff "under protest" allowed the officer

to enter and inspect the entire premises. Under the same warrant, the compliance officers continued to inspect the premises on July 8, 11, and 12, 1977. On July 25, 1977, and August 5, 1977, citations were issued to the plaintiff for conditions discovered during the inspections. The plaintiff is presently pursuing administrative review of these citations before the defendant Occupational Safety and Health Review Commission.

The plaintiff claims that the warrant issued by the magistrate was invalid under the Fourth Amendment because there was no probable cause for its issuance. Furthermore, it is alleged that the prosecution of the plaintiff over the citations in question constitutes harassment in violation of the due process and equal protection guarantees of the Fifth Amendment. Accordingly, the plaintiff seeks, inter alia, (1) a declaration that its Fourth and Fifth Amendment rights have been violated; (2) a preliminary injunction enjoining any further actions or proceedings by the defendants against the plaintiff regarding the citations in question and staying further administrative proceedings pending this court's determination whether the evidence obtained by the defendants during the inspections should be suppressed; (3) an order quashing the inspection warrant and suppressing the evidence obtained thereunder; (4) an order quashing the citations and penalty notices; (5) a permanent injunction enjoining any further actions with respect to the subject citations; (6) a declaration that section 8(a) of OSHA, 29 U.S.C. § 657(a) is unconstitutional under the Fourteenth Amendment; and (7) an order directing the defendants to return all evidence obtained through the search of the plaintiff's premises.

## THE DEFENDANTS' MOTION TO DISMISS

█ The defendants claim that this action must be dismissed for failure to state a claim upon which relief may be granted. Such claim is based on the plaintiff's alleged failure to have exhausted its administrative remedies. Much authority is cited by the defendants for the general proposition that administrative remedies must be exhausted. However, in the context of OSHA warrant cases, courts have held that the propriety of an administrative inspection warrant may be challenged in district court without first exhausting administrative remedies. *Hayes-Albion Corporation v. Marshall,* case no. C 77–205 (N.D.Ohio memorandum and order dated October 14, 1977); *Morris v. United States Department of Labor,* 439 F.Supp. 1014 (S.D.Ill. 1977); *Barlow's, Inc. v. Usery,* 424 F.Supp. 437 (D.Idaho 1977), *reversed on other grounds sub nom. Marshall v. Barlow's, Inc.,* —— U.S. ——, 98 S.Ct. 1816, 56 L.Ed.2d 305 (1978). I agree with these decisions that no significant interest would be furthered by requiring the plaintiff to present the issue of the warrant's validity at the administrative level.

In its reply brief, the defendant Occupational Safety and Health Review Commission urges that it must be dismissed because the complaint fails to state a claim upon which relief can be granted against it and because the venue is improper in this district. Since the plaintiff has had no opportunity to respond to these arguments, I decline to rule on these contentions.

The defendants also argue that an injunction may not be granted enjoining inspections at the plaintiff's other plants throughout the country since there is no actual case or controversy concerning the other plants. Although the complaint does make reference to irreparable harm allegedly suffered by the plaintiff in its business operations throughout the United States, the complaint's demand for relief makes no request for injunctive relief directed at any facility other than that in Manitowoc, Wisconsin.

I find no persuasive basis for dismissing this action for any of the reasons advanced above. I have examined the defendants' other arguments and find none of them amenable to resolution without reference to matters outside of the complaint. Accordingly, the motion to dismiss will be denied and the remainder of the defendants' arguments will be treated as supportive of the defendants' alternative motion for summa-

ry judgment and considered together with the plaintiff's motion for a preliminary injunction.

## THE PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION AND THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

■ The defendants argue that summary judgment must be granted in their favor because the plaintiff consented to the inspection in question. The plaintiff disagrees, explaining that when the defendant compliance officers exhibited the inspection warrant, the plaintiff allowed the inspection only "under protest." The defendants' affidavits, including the notes of the compliance officers, show beyond doubt that the plaintiff's version of the facts is correct. Thus, it appears that the defendants' consent argument is legal rather than factual in nature.

I find that the defendants' argument is contrary to well established precedent. In *Bumper v. North Carolina,* 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968), the Court faced the issue "whether a search can be justified as lawful on the basis of consent when that 'consent' has been given only after the official conducting the search has asserted that he possesses a warrant." 391 U.S. at 548, 88 S.Ct. at 1791. The Court held that "there could be no consent under such circumstances" and further that "[a] search conducted in reliance upon a warrant cannot later be justified on the basis of consent if it turns out that the warrant was invalid." *Id.* at 549, 88 S.Ct. at 1792. Thus, as a matter of fact and law, it is clear that the plaintiff did not consent to the inspection in question.

■ In its motion for a preliminary injunction, the plaintiff argues that section 8(a) of OSHA is violative of the Fourth Amendment because it purports to authorize warrantless inspections of business establishments. Although a warrant was applied for and obtained before the defendants conducted the inspection of the plaintiff's plant, the plaintiff urges that the constitutional infirmity of section 8(a) cannot be cured by implying a warrant procedure into the act. The plaintiff contends that only Congress may cure section 8(a) by supplying a warrant procedure.

The parties submitted their briefs prior to the Supreme Court's decision in *Marshall v. Barlow's, Inc.,* —— U.S. ——, 98 S.Ct. 1816, 56 L.Ed.2d 305 (1978), which speaks to several of the disputed issues in this case. In *Barlow's,* the Court held that insofar as section 8(e) permits warrantless inspection of employment facilities, it is unconstitutional under the Fourth Amendment. However, the Court noted that inspections under section 8(a) would not be unconstitutional if performed "pursuant to regulations and judicial process that satisfy the Fourth Amendment." —— U.S. at ——, 98 S.Ct. at 1827, n.23. Thus, the Court foreclosed the plaintiff's argument that a section 8(a) inspection conducted with a proper warrant is impermissible.

The second ground advanced in support of the plaintiff's motion is that the search warrant obtained by the defendants failed to comply with the Fourth Amendment because there was no probable cause for its issuance and because the scope of the warrant left to the unfettered discretion of the OSHA inspectors the places in the plaintiff's plant that could be searched and the things therein which could be seized. The defendants' motion for summary judgment asserts that the warrant was based on probable cause and complies in all respects with the Fourth Amendment.

The warrant was obtained from the magistrate on the basis of an "application for inspection warrant" supplied by Everett W. Shisler, one of the defendant compliance officers. The application stated, in part:

"On June 24, 1977, the Occupational Safety and Health Administration ("OSHA") received a written complaint from an employee of Weyerhaeuser Company, a corporation. The complaint alleged, in pertinent part, that violations of the Act exist which threaten physical harm or injury to the employees, and an inspection by OSHA was requested. Based on the information in the complaint, OSHA has determined that there are reasonable grounds to believe that

such violations exist, and desires to make the inspection required by section 8(f)(1) of the Act."

The application further stated:

"The desired inspection is also part of an inspection and investigation program designed to assure compliance with the Act and is authorized by section 8(a) of the Act."

Judge Warren has found that language nearly identical to this was insufficient to provide a basis from which a magistrate could determine whether a search would be reasonable. In the *Matter of Establishment Inspection of Northwest Airlines, Inc.,* 437 F.Supp. 533 (E.D.Wis.1977). The defendants counter with several unpublished decisions in which similar language has been found sufficient.

I turn first to the guidance provided by *Barlow's:*

"Whether the Secretary proceeds to secure a warrant or other process, with or without prior notice, his entitlement to inspect will not depend on his demonstrating probable cause to believe that conditions in violation of OSHA exist on the premises. Probable cause in the criminal law sense is not required. For purposes of an administrative search such as this, probable cause justifying the issuance of a warrant may be based not only on specific evidence of an existing violation but also on a showing that 'reasonable legislative or administrative standards for conducting an . . . inspection are satisfied with respect to a particular [establishment].' *Camara v. Municipal Court,* [387 U.S. 523, 87 S.Ct. 1727, 18 L.Ed.2d 930] *supra,* at 538. A warrant showing that a specific business has been chosen for an OSHA search on the basis of a general administrative plan for the enforcement of the Act derived from neutral sources such as, for example, dispersion of employees in various types of industries across a given area, and the desired frequency of searches in any of the lesser divisions of the area, would protect an employer's Fourth Amendment rights." —— U.S. at ——, 98 S.Ct. at 1824 (footnotes omitted).

The warrant application in this case sought to demonstrate probable cause on the basis of an existing violation on the premises (as evidenced by the employee complaint) and on the basis of an "inspection program designed to assure compliance with the Act."

■ In my judgment, the second basis does not provide probable cause under the guidelines set forth in *Barlow's.* Neither the application nor the warrant show that the defendants' inspection program is derived from neutral criteria of the type specified in the Court's decision. Accordingly, there was no basis from which the magistrate could determine whether " 'reasonable legislative or administrative standards for conducting an . . . inspection are satisfied with respect to' " the plaintiff's premises. —— U.S. at ——, 98 S.Ct. at 1824, *quoting Camara v. Municipal Court,* 387 U.S. 523, 538, 87 S.Ct. 1727, 18 L.Ed.2d 930 (1967).

■ The first basis—the employee complaint of violations of OSHA standards on the premises—is also insufficient. Under section 8(f)(1) of OSHA, 29 U.S.C. § 657(f)(1), upon receipt of an employee complaint requesting an inspection because of a violation the employee believes exists on the employer's premises, the Secretary of Labor is required to make an inspection if he finds reasonable grounds to believe that a violation exists. It is not enough, however, that the Secretary of Labor be satisfied that grounds for an inspection exist. Under *Barlow's,* a magistrate must also be so satisfied. The question is whether the reporting by the defendant compliance officer to the magistrate that an employee had made a complaint is sufficient to establish probable cause for the magistrate's issuance of the inspection warrant.

In my opinion, the answer must be in the negative. I am mindful that "probable cause in the criminal law sense is not required." *Barlow's, supra,* at —— U.S. ——, 98 S.Ct. at 1824. Nevertheless, if the warrant procedure is to be anything more than a rubber stamp proceeding, the defendants must be required to do more than read the

statute to the magistrate. Yet, the defendant compliance officer's application did little more here. The application stated that an employee complaint was received which alleged, paraphrasing the words of section 8(f)(1), "that violations of the Act exist which threaten physical harm or injury to the employees." The application also expressed the agency's belief that there are reasonable grounds to believe that violations exist. The actual employee complaint was not presented to the magistrate, and the nature of the alleged violation was not described in any form.

The defendants urge that the magistrate should not second guess the agency's determination that a particular condition on the premises "threatens physical harm, or that an imminent danger exists" within the meaning of section 8(f)(1). However, this does not relieve the defendants from showing probable cause to believe that the condition exists. Thus, I agree with Judge Warren's conclusion in *Northwest Airlines, Inc.* that language such as that found in the warrant application in this case does not establish probable cause.

Although the plaintiff's motion is for preliminary injunctive relief, I am convinced that no triable issue remains with respect to the plaintiff's Fourth Amendment claim. The parties agree that the question of probable cause is to be determined solely on the basis of the application presented to the magistrate. Since I find that the application fails to establish probable cause for the warrant which issued, there is no issue of material fact as to the impropriety of the warrant. The plaintiff is therefore entitled to partial summary judgment: (1) quashing the search warrant and suppressing the evidence obtained thereunder and quashing the citations and penalty notices arising from the inspections conducted under the unlawful warrant; (2) declaring that its Fourth Amendment rights were violated; and (3) enjoining any further actions or proceedings by the defendants against the plaintiff regarding the citations in question. It also follows that the defendants' summary judgment motion should be denied.

Since the plaintiff's request for injunctive relief has been granted on Fourth Amendment grounds, the plaintiff's Fifth Amendment argument in support of its claim for injunctive relief need not be considered. However, such claim remains viable as to the plaintiff's claim for declaratory relief.

Therefore, IT IS ORDERED that the defendants' motion to dismiss or, alternatively, for summary judgment be and hereby is denied.

IT IS ALSO ORDERED that the plaintiff's motion to quash the inspection warrant and to suppress all evidence obtained thereunder be and hereby is granted.

IT IS FURTHER ORDERED that the citations and penalty notices issued as a result of the inspections of the plaintiff's premises under the warrant be and hereby are quashed.

IT IS FURTHER ORDERED that the plaintiff's motion for a preliminary injunction, treated as a motion for partial summary judgment, be and hereby is granted. The defendants are permanently enjoined from conducting any further proceedings to enforce the citations issued as a result of the inspection conducted under the inspection warrant issued on July 7, 1978. In the Matter of Establishment Inspection of Weyerhaeuser Company, case no. 77–15M, and the defendants are ordered to return to the plaintiff all evidence obtained through the search conducted at the plaintiff's premises under the warrant dated July 7, 1978.

IT IS FURTHER ORDERED that the plaintiff is entitled to a declaration that the warrant application and warrant for inspection dated July 7, 1978, are null and void under the Fourth Amendment.