**In the Matter of the Tax Indebtedness of Gerald W. BRICKNER.**

**Misc. No. 631.**

United States District Court, E. D. Wisconsin.

July 28, 1978.

REYNOLDS, Chief Judge.

Pursuant to the decision of the Supreme Court in *G. M. Leasing Corp. v. United States*, 429 U.S. 338, 97 S.Ct. 619, 50 L.Ed.2d 530 (1977), the United States Government has moved the Court to issue an ex parte writ authorizing entry by an Internal Revenue Service ("IRS") agent onto private residential premises of a citizen who is not the indebted taxpayer for the purpose of effecting levy upon property in satisfaction of assessed but unpaid taxes. For the reasons that the Government has failed to show sufficient probable cause to justify the requested entry and that the writ requested by the Government fails to identify with particularity the things or even the types of things to be seized pursu-

ant to the writ, the Court denies the Government's application for issuance of the writ.

In *G. M. Leasing Corp. v. United States,* supra, the Supreme Court extended the Fourth Amendment protection against unreasonable searches and seizures to situations in which the federal government is seeking to enter upon private property without the consent of the owner to seize property in satisfaction of tax obligations. The Court held that the Fourth Amendment renders such searches and seizures unlawful unless made pursuant to a valid warrant issued by a neutral magistrate or other judicial official upon a showing of probable cause "to believe that assets held by [the party whose premises are to be searched] were properly subject to seizure in satisfaction of the assessments." 429 U.S. at 351, 97 S.Ct. at 628. In light of *G. M. Leasing Corp.,* the Government bears the obligation to establish that the writ it seeks complies with appropriate Fourth Amendment standards.

The facts of this case are that the Government has requested the Court to issue an ex parte writ authorizing an agent of the IRS to enter the premises of Robert V. Brickner, father of an allegedly delinquent taxpayer, Gerald W. Brickner, to search for and seize property allegedly belonging to the younger Brickner in satisfaction of the taxes owed. By affidavit, an agent of the IRS has averred that an assessment of tax, penalty, and interest for the year 1974 has been made against Gerald Brickner who has refused payment after notice and demand for payment were issued by the IRS. The agent further avers that under the Internal Revenue Code of 1954, 26 U.S.C. §§ 6321 and 6322, a lien has arisen in favor of the IRS on all property owned by the taxpayer, which property is subject to levy pursuant to 26 U.S.C. § 6331.

The final paragraph of the IRS agent's affidavit presents a somewhat cryptic statement. Without having made any prior reference to specific property owned by the taxpayer, Gerald Brickner, the affidavit states: "Mr. Gerald Brickner is in the construction business. The 74 Chevrolet is located at 6515 N. 107th St., Milwaukee, Wisconsin 53224. This property is owned by the taxpayer's father, Robert V. Brickner. No one with authority to permit entry was available and there has been no response to a message left at the above residence on December 2, 1977 to obtain consent to enter and seize said property. I am herewith requesting a Writ of Entry to do so." Nothing presented to the Court with the application for issuance of the writ indicates by whom the "74 Chevrolet" is owned or how the IRS agent acquired the information which he has presented in his affidavit or what the basis is for the agent's believing that the vehicle belongs to the delinquent taxpayer and is in fact at the premises sought to be entered.

Based upon this affidavit, the Government has presented the Court with an order for the signature of the Court, which proposed order authorizes the IRS agent "to enter the premises described and to make such search as is necessary in order to levy and seize, pursuant to Section 6331 of the Internal Revenue Code of 1954. In making this search and seizure, however, the revenue officer is directed to enter the premises during the daytime and within 10 days of this order." The Government's proposed order makes no mention of specific property or types of property to be seized, and, indeed, contains no restrictions upon the discretion of the IRS agent except that the search and seizure be made during the daytime and within 10 days of the issuance of the writ.

The first problem arising in this application for the issuance of a writ of entry is that of the existence or nonexistence of probable cause for the issuance of the writ. Under the Fourth Amendment, probable cause has been found to be a flexible standard of judicial inquiry that calls for a balancing of the governmental need for conducting a search and seizure against the invasion of privacy which the search and seizure entails. *Marshall v. Chromalloy American Corporation, Federal Malleable Division,* 433 F.Supp. 330, 333 (E.D.Wis.

1977). The Supreme Court stated in *Camara v. Municipal Court*, 387 U.S. 523, 539, 87 S.Ct. 1727, 1736, 18 L.Ed.2d 930 (1967): "But reasonableness is still the ultimate standard. If a valid public interest justifies the intrusion contemplated, then there is probable cause to issue a suitably restricted search warrant." In approving the practice of balancing competing interests in ascertaining probable cause, the Supreme Court in *Camara* emphasized the distinction between search warrants sought pursuant to a criminal investigation, as to which a higher standard of probable cause would apply, and search warrants sought pursuant to administrative or regulatory inspections. As to the latter type of search warrant, probable cause will exist if the search is to be made in accordance with reasonable legislative or administrative standards for effectuating a particular governmental program or regulation, such as a program of insuring that all dwellings comply with municipal health ordinances. See also *Matter of Northwest Airlines, Inc.*, 437 F.Supp. 533 (E.D.Wis.1977). This approach of balancing the competing interests in determining the existence or nonexistence of probable cause for a search was reaffirmed in the Supreme Court's recent decision in *Marshall v. Barlow's Inc.*, —— U.S. ——, 98 S.Ct. 1816, 56 L.Ed.2d 305 (1978).

In this application for a writ of entry, the Government argues that the lesser probable cause standard used in cases of administrative searches should be applied to searches and seizures to be conducted for the enforcement of the tax laws. The present case, however, is quite unlike the situation in *Camara* in which probable cause for a search was found through the application of a general municipal standard which called for the inspection of all buildings in a given area because of the age of the buildings or because of the application of some other criterion, a standard known as the "area inspection." In *Marshall v. Barlow's Inc.*, supra, the Supreme Court cited a similar standard for finding probable cause in stating that a warrant could issue under the Occupational Safety and Health Act, 29 U.S.C. § 651 et seq., upon a showing that a search was to be conducted on the basis of a general administrative plan for the enforcement of the Act.

In this case, there is nothing comparable to the standards of an "area inspection" or a "general administrative plan" to be applied by the Court in determining whether or not there is probable cause. Instead, this case involves the consideration of probable cause allegations that pertain to a particular individual rather than to a general area or a general plan. The IRS is not here seeking to search premises and seize property pursuant to a general legislative or administrative standard for effectuating a particular governmental program or regulation.

Therefore, the conclusion follows that a different standard of probable cause is to be applied in a request for a writ of entry for the enforcement of the tax laws than is applied in an administrative or regulatory type search. The Supreme Court in *G. M. Leasing Corp.*, supra, alluded to relevant factors to weigh in determining whether or not there exists probable cause for the issuance of a writ of entry:

"* * * Those facts [that the Government's tax assessments and levies were valid and that the property to be searched belonged to the taxpayer's alter ego] necessarily establish probable cause to believe that assets held by petitioner were properly subject to seizure in satisfaction of the assessments." 429 U.S. at 351, 97 S.Ct. at 628.

Thus, probable cause for issuance of a writ of entry at the request of the IRS would be present upon a showing that valid assessments and levies had been made upon the taxpayer and that the premises to be searched are likely to contain property belonging to the taxpayer that is subject to seizure.

In the instant case, the Government has shown by the affidavit of its IRS agent that valid assessments and levies have been made upon the taxpayer Gerald Brickner. But the agent's affidavit does not even attempt to make a showing that property

belonging to the taxpayer and subject to seizure is likely to be found at the premises to be searched, the residence of the taxpayer's father. As noted above, the agent's affidavit does make an unexplained reference to a 1974 Chevrolet, but there are no averments of the ownership of the vehicle and of how the agent acquired his information as to the existence and ownership of the vehicle. Nor is there any indication that the taxpayer is residing at his father's residence or has other seizable property at that location. Without deciding if the mere assertion that assessments and levies have been made is sufficient to show probable cause to search a taxpayer's own residence, since the Government acquires a lien in all property belonging to a delinquent taxpayer, I do believe that a more detailed showing of probable cause is necessary where the Government seeks to invade a residence other than that of the taxpayer. Since the Government's affidavit in the instant application fails to provide any such showing of probable cause, the request for the issuance of the writ of entry must be denied.

In addition to not establishing probable cause for the issuance of a writ of entry, the Government's application for the writ suffers a second fatal defect: vagueness. While the Fourth Amendment requires that a search warrant ". . . particularly describ[e] the . . . things to be seized", the Government's proposed writ by its terms contains no limit upon either the property that is to be seized or upon the scope of the search to be conducted. For all that appears in the proposed writ, the Government would be granted an unrestricted license to examine and seize the personal papers and effects of the owner of the premises to be searched, which license violates the most fundamental protection provided by the Fourth Amendment. Because the Government's requested writ does not comport with the Fourth Amendment requirement of particularity, the request must be denied. See *Matter of Carlson*, 434 F.Supp. 554, 556 (D.Colo.1977), reversed and remanded on other grounds, 580 F.2d 1365 (10th Cir. 1978). In this case where the Government is seeking to enter the premises of someone other than the taxpayer, the writ should specify with particularity each item of property that the Government intends to search for and seize.

NOW, THEREFORE, IT IS ORDERED that the request of the United States for a writ of entry be and it hereby is denied, and this action is dismissed.