Ray MARSHALL, Secretary of Labor, United States Department of Labor, Petitioner,

v.

HORN SEED COMPANY, INC., Respondent.

No. CIV–78–1308–T.

United States District Court, W. D. Oklahoma.

March 16, 1979.

Carin Ann Clauss, Sol. of Labor, James E. White, Regional Sol. and Eloise Vellucci, U. S. Dept. of Labor, Dallas, Tex., for petitioner.

Jack T. Crabtree, Buck, Crabtree & Buford, Oklahoma City, Okl., for respondent.

## ORDER

RALPH G. THOMPSON, District Judge.

Petitioner filed this action seeking an order to show cause why respondent should not be held in contempt for failure to comply with an administrative inspection warrant issued by the Court. The order was issued and a hearing was had on the matter on January 18, 1979, at which petitioner appeared by counsel, Eloise Vellucci, and respondent appeared through its corporate officer, Robert D. Horn, Jr., and its counsel, Jack Crabtree.

The day of the hearing, respondent filed its motion to vacate order to show cause and motion to quash warrant and dismiss. The motions were reserved, pending petitioner's opportunity to respond with supporting brief. Both petitioner's responsive brief and respondent's brief in reply have since been received and considered by the Court.

On November 27, 1978, compliance officer Deborah A. Gann appeared before the Honorable Luther Bohanon, of this district, to obtain an inspection warrant authorizing Gann to enter the premises of respondent to inspect and investigate the premises in accordance with the Occupational Safety

and Health Act ("Act"), 29 U.S.C. § 657. Ms. Gann's affidavit, which formed the basis for the warrant, listed the following "facts tending to establish grounds for issuance of the Inspection Warrant...":

"On November 7 and November 15, 1978, complaints were received by the Oklahoma City Area Office of OSHA concerning the following hazards which were alleged to exist at the above-described employer's work place: (1) No respiratory protection is provided for employees working with and around chemicals, insecticides, pesticides, etc.; (2) No safety belts used with 'Pickers'; (3) No hard hats; (4) Truck drivers operate under influence of drugs; (5) Some trailers have faulty tires; Flammable storage tank (diesel) creates hazard by leakage; Excessive dust in storage areas.

"I attempted to make an inspection on November 17, 1978, to investigate the above complaint items. I arrived at the establishment at 1:20 P.M. and met with Mr. Robert Horn, Vice President. Mr. Horn asked if OSHA had the right to just walk in and I replied that the Supreme Court had ruled that an employer could request an inspection warrant. Mr. Horn stated that he would require the warrant. I left the facility at approximately 1:35 P.M. and reported the refusal of entry to my supervisor.

"Based on the above complaints, I have reason to believe that there may be violations of the Occupational Safety and Health Act which could cause serious bodily injury or death to the employees exposed to the above." [Affidavit of Compliance Officer, Inspection Warrant Docket No. 78–300M][1]

The requested warrant was issued, reading in part:

"Based on a request for issuance of an Inspection Warrant filed with me on this date and the facts stated in an affidavit executed by Deborah A. Gann, a duly appointed Compliance Officer of the Occupational Safety and Health Administration, United States Department of Labor, filed with and in support of the request, I am of the opinion that probable cause exists for issuance of a warrant authorizing and directing inspection and investigation of the following described premises for the purposes stated herein and under the conditions stated herein...."

Compliance officer Gann attempted to execute the warrant on November 28, 1978. The facts surrounding the attempted execution are somewhat in dispute, and are not relevant to the decision announced herein, except insofar as the inspection was not made.

Gann was questioned, at the show cause hearing, about the circumstances asserted in her affidavit which formed the basis of the issuance of the warrant. She testified that she had not received either of the two complaints. She was not sure who did receive these calls, initially, but thought it was her supervisor. One of the complainants was an employee of respondent; one was the mother of an employee of respondent. Following the initial telephone complaints, an OSHA form for complaint was sent to and completed, signed, and returned by each of the complainants. Employment with respondent was verified by telephone conversations with the complainants themselves but not through any other means. Both requested anonymity. The identity of the complainants has not been revealed, nor have the complaint forms been produced.

Having recited the relevant facts, the Court now turns to the arguments of the parties. Respondent has raised several arguments in support of its motion to quash, which arguments have required close scrutiny into the warrant procedure employed in OSHA inspections. Simply stated, respondent attacks the issuance of the warrant, the scope of the warrant, and the attempted execution of the warrant. Due to the rul-

---

1. The affidavit has not been made a part of the record in this proceeding. However, the Court will take judicial notice of the affidavit and request for warrant, as both are a matter of public record in Magistrate's File No. 78–300, Office of the Court Clerk, United States District Court for the Western District of Oklahoma.

4

ing announced below, the Court need not reach certain of these issues.

■ The Secretary's power to obtain a search warrant has been raised by respondent. Pursuant to regulation which became effective on December 22, 1978, after the issuance of the warrant here in question, such authority exists. Prior to this regulation, the Secretary was authorized to resort to "judicial process" to effectuate compliance inspection. 29 C.F.R. § 1903.4. It seems fundamental that the authority to obtain a search warrant is implied in the authority to search. Moreover, the reference to "process" is sufficient, in light of the Supreme Court's reference to the Secretary's practice of obtaining warrants in some cases and the Court's holding that warrants would be required. *Marshall v. Barlow's, Inc.*, 436 U.S. 307, 98 S.Ct. 1816, 56 L.Ed.2d 305 (1978). It cannot be concluded that the Supreme Court would order the Secretary to do something which he has no power to do. Despite the ruling in *Marshall v. Gibson's Products, Inc. of Plano*, 584 F.2d 668 (5th Cir. 1978), that no federal jurisdiction exists over disputes of this nature, the better reasoned approach, and the approach consistent with the ruling in *Barlow's*, is that explained in Judge Tuttle's dissent in *Gibson's Products, Inc. of Plano.* That view was adopted by the Seventh Circuit in *Marshall v. Chromalloy American Corp.*, 589 F.2d 1335 (1979). Finding the authority to obtain a warrant in the Act, regulations, and the implications of the Supreme Court in *Barlow's*, this Court finds that the Secretary has the authority to obtain an inspection warrant and further that the Court has jurisdiction over its enforcement. Both the application for warrant and the warrant itself set out the authority upon which the Secretary relied, i. e., 29 U.S.C. §§ 651, et seq. Respondent's argument that the authority was not sufficiently set out is without merit.

■ Respondent next attacks the issuance of the warrant in that it was not supported by probable cause. *Marshall v. Barlow's, Inc.*, relied on by both petitioner and respondent, is the landmark Supreme Court case which sets out the requirement for a warrant in a nonconsensual OSHA inspection. Section 8(a) of the Act provides that the Secretary may conduct an inspection. The only limitation on inspection is that the Secretary must present appropriate credentials and must inspect during regular working hours, within reasonable limits and in a reasonable manner. The section was declared unconstitutional in *Barlow's*, insofar as it authorized a warrantless search. The Court found that in the absence of a traditionally heavily federally regulated industry, such as liquor and firearms, the Fourth Amendment prohibited warrantless inspections. The Court made clear, however, that probable cause in the criminal law sense is not required. What must be shown under the "less than criminal law sense" of probable cause is not explained. But that *some* probable cause is required is evident.[2]

Probable cause less than that in the criminal law sense is exemplified by *In re Gilbert and Bennett Manufacturing Co.*, 589 F.2d 1335 (7th Cir., 1979) where the Court held, inter alia, that facts demonstrating that the complainant is a credible person need not be set forth to support an OSHA warrant. Such facts would be required for a criminal warrant. *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). This is one example of a distinction that may be drawn between probable cause in the criminal law sense and some lesser showing of probable cause. In *Weyerhaeuser Co. v. Marshall*, 452 F.Supp. 1375 (E.D. Wis.1978), an affidavit stating more facts in support of probable cause than that under scrutiny here was found insufficient to establish probable cause under the *Barlow's* test. There the Court stated "if the warrant procedure is to be anything more than a rubber stamp proceeding, the defendants must be required to do more than read the

---

2. "For purposes of an administrative search such as this, probable cause justifying the issuance of a warrant may be based . . . on specific evidence of an existing violation . . . ." *Barlow's*, 436 U.S. 307, 98 S.Ct. 1816, 56 L.Ed.2d 305.

statute to the magistrate." Such a requirement is consistent with, and required by, the result reached by the majority in *Barlow's*.

 Under any standard of probable cause, the affidavit which formed the basis for the issuance of the warrant in this case is insufficient. In passing on the validity of the search warrant, the reviewing court may consider only that information brought to the attention of the issuing magistrate or judge. *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); *Weyerhaeuser Co. v. Marshall*, supra. The issuance of an inspection warrant is, of necessity, an ex parte proceeding, and while the issuing court did not have the benefit of the arguments and authorities presented by respondent, or the time to conduct research on the issue, that court's determination must be reviewed by what was presented to it, not what is known after the hearing.

 In this instance, the affidavit recites only that "complaints were received by the Oklahoma City OSHA office," concerning certain hazards.[3] The affidavit contains no statement that the complaints were made by employees or employee representatives of the respondent, or any inference that could lead to such a conclusion. Furthermore, there is no statement that the affiant herself had received the complaints or had personal knowledge of any facts regarding the making of the complaints. The affiant did no more than recite that the OSHA office had received complaints. Had the affidavit contained a statement of the steps the OSHA office had in fact taken to formalize the complaints, i. e., that formal, written, signed complaints were subsequently received, that the complainants' relationship with respondent had been confirmed by OSHA, and that the affiant had herself participated in at least enough of these steps to allege personal knowledge, these facts, along with the list of the violations alleged to exist (which was provided),

would have been sufficient to establish probable cause in this particular case.

 Under any standard of probable cause, in OSHA inspection warrants based on complaints of employees or their representatives, there must be shown some knowledge of the facts surrounding the receipt of a complaint by the affiant, and a showing of the standing of complainant as an employee or employee representative of respondent employer. 29 U.S.C. § 657(f)(1).

Given the broad objectives of the Act, and the practical difficulties inherent in the warrant procedure, the Court is mindful of the possibility of conflict between the important remedial aims of the Act and the protections required by the Fourth Amendment. However, the Supreme Court has made clear that Fourth Amendment protections must be extended to all persons:

> " '. . . The businessman, like the occupant of a residence, has a constitutional right to go about his business free from unreasonable official entries upon his private commercial property. The businessman, too, has that right placed in jeopardy if the decision to enter and inspect for violation of regulatory laws can be made and enforced by the inspector in the field without official authority evidenced by a warrant.' *See v. City of Seattle*, 387 U.S. 541, 543 [87 S.Ct. 1737, 1739, 18 L.Ed.2d 943] (1967)." *Barlow's*, supra, 436 U.S. at 312, 98 S.Ct. at 1820.

The warrant requirement of the Fourth Amendment and as set forth in these Supreme Court decisions depends, for its vitality, on a showing of probable cause.

Leaving, for the time being, other troublesome questions raised by respondent concerning the scope of the warrant issued in this case and the method of its attempted execution, the Court holds that, as a matter of law, there was no probable cause demonstrated, sufficient to support the issuance of an inspection warrant.

---

3. The mere fact that Mr. Horn requested that a warrant be obtained before inspection can in no way serve to support probable cause that a violation in fact existed on his premises. The right to a warrant is his constitutional right, and his reliance on such right cannot serve as an inference of guilt.

It is, therefore, ORDERED that respondent's motion to quash and dismiss is therefore granted, and this action is dismissed.