**In the Matter of Establishment of RESTLAND MEMORIAL PARK, Appellant.**

No. 75–2334.

United States Court of Appeals, Third Circuit.

Submitted June 22, 1976.

Decided July 30, 1976.

Robert E. McKee, Jr., Feldstein, Bloom, Grinberg, Stein & McKee, Pittsburgh, Pa., for appellant.

William J. Kilberg, Sol. of Labor, Benjamin W. Mintz, Associate Sol. for Occupational Safety and Health, Michael H. Levin, Counsel for Appellate Litigation, Allen H. Feldman, Asst. Counsel for Appellate Litigation, Sidney M. Nowell, Atty., U. S. Dept. of Labor, Washington, D. C., for appellee.

Before ADAMS, HUNTER and WEIS, Circuit Judges.

## OPINION OF THE COURT

ADAMS, Circuit Judge.

During the consideration of the bills which ultimately became the Occupational Safety and Health Act of 1970 (OSHA), the intention to make the maximum use of the commerce power was repeatedly expressed by various Congressmen.[1] The Act is by its terms applicable to every "person engaged in business affecting commerce who has employees."[2] In this proceeding, a cemetery company seeks some definition of the scope of the phrase "affecting commerce." The issue is raised by way of an appeal from the district court's denial of a motion to quash a civil search warrant authorizing an inspection of the cemetery's business premises.

### I.

Restland Memorial Park, a cemetery, is operated by a corporation whose shares are owned by a husband and wife. These two shareholders and their son comprise three of the four employees of the company. The cemetery is located in Pennsylvania; a very high portion of those buried in it were Pennsylvania residents; its supplies and equipment are purchased from Pennsylvania dealers. The Secretary asserts that the caskets used for the burials in Restland have often been imported into Pennsylvania, that each year several persons who died outside of Pennsylvania are buried there, and that Restland's equipment is operated on public highways.

The operations of the cemetery require the use of a backhoe, mowing machinery, and two trucks. In view of the safety hazards created by such equipment, principally amputations that result from improperly guarded mowers, the agency has assumed the responsibility of inspecting cemeteries, golf courses, and similar establishments. At Restland, however, OSHA's representative was ordered off the premises. The Secretary then sought, and obtained, an inspection warrant. Despite this, his representative was again refused entry.

Before the Secretary could obtain enforcement of his warrant from the district court, Restland petitioned that court to quash the warrant, contending that the operations of the cemetery do not bring it within the jurisdiction of the agency under the interstate commerce clause and the provisions of the Act. The district court denied the petition to quash the warrant and ordered the officials and employees of the corporation to permit an authorized safety officer to enter the premises and conduct a reasonable inspection.

Restland has appealed the decision of the district court. We have jurisdiction under 28 U.S.C. § 1291.[3]

### II.

Pursuant to his duties under the Act, the Secretary is authorized to enter any place of employment "affecting commerce," and to inspect that place, its structures, and equipment for violations of OSHA standards.[4] Whether the agency is authorized to enter Restland Memorial Park depends on whether the cemetery is an employer "affecting commerce." Restland seeks a determination of that issue prior to permitting entry by the Secretary or his representative. This Court, however, is precluded from considering that question at this stage of the proceedings.

The Occupational Safety and Health Act has created a central forum for adjudica-

---

**1.** *See Brennan v. OSHRC,* 492 F.2d 1027, 1030 (2d Cir. 1974).

**2.** 29 U.S.C. § 652(5) (1970).

**3.** The present action is independent of, although ancillary to, any enforcement proceeding that may subsequently be pursued under OSHA. The order of the district court refusing to quash the warrant provides " 'a final and indisputable basis of action', as between the [agency] and the [cemetery] . . . ." *ICC v. Brimson,* 154 U.S. 447, 487, 14 S.Ct. 1125, 1137, 38 L.Ed. 1047 (1894). The matter reverts to the processes of the Department of Labor and there is nothing further for the district court to do. *See Cobbledick v. United States,* 309 U.S. 323, 329–30, 60 S.Ct. 540, 84 L.Ed. 783 (1940).

**4.** 29 U.S.C. § 657(a) (1970).

tions in the Occupational Safety and Health Review Commission,[5] which is authorized to pass on all factual and statutory defenses available against the enforcement actions of the Secretary.[6]

The Review Commission would appear competent to consider the scope of the Act's coverage. If a citation is issued, and if the employer chooses to contest the citation, the Secretary is obliged to serve a formal complaint setting forth, *inter alia*, the basis for jurisdiction.[7] The Review Commission must then decide whether the agency has exceeded its jurisdiction by attempting to enforce the Act against an employer who does not affect commerce—an employer such as Restland claims to be. The decision of the Commission would then be subject to review by a Court of Appeals.[8]

■ Where Congress has designated a specific forum for the review of administrative action, that forum is exclusive, and a concerned party must exhaust his administrative remedies prior to seeking relief from the courts.[9] As the Supreme Court explained in *Myers v. Bethlehem Shipbuilding Corp.*, "[N]o one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted."[10] Given these principles and the structure of the administrative process created by OSHA, this Court has held that the doctrine of exhaustion of ad-

ministrative remedies applies under that Act.[11]

The doctrine of exhaustion of administrative remedies is well established, and is "required as a matter of preventing premature interference with the agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review."[12] In addition, the doctrine exemplifies judicial recognition of the autonomy of the executive branch, whose dominion the courts will not invade unless the agency has clearly exceeded its jurisdiction.[13]

■ In the Occupational Safety and Health Act, Congress has delegated to the Secretary of Labor broad jurisdiction under the interstate commerce clause. Because of the policy considerations underlying the doctrine of exhaustion, we conclude that until Restland has exhausted its administrative remedies, the courts should not consider the question of the Secretary's jurisdiction. If a citation is issued, appealed from, and then upheld by the Review Commission, Restland may, in its· petition for review, present to this Court the matter of the Secretary's jurisdiction under the interstate commerce clause and the Act.[14]

This is not to say, however, that exhaustion of remedies is required under all circumstances; when not compelled by statute, exhaustion may not be required in every instance. *See United States ex rel. Sanders v. Arnold*, 535 F.2d 848 (3d Cir. 1976) (Adams, J., dissenting).

5. *Id.* § 661. See *Atlantic & Gulf Stevedores v. OSHRC*, 534 F.2d 541 (3d Cir. 1976); *Frank Irey, Jr., Inc. v. OSHRC*, 519 F.2d 1200 (3d Cir. 1974, aff'd en banc 1975), cert. granted, 424 U.S. 964, 96 S.Ct. 1458, 47 L.Ed.2d 731 (1976); *Budd Co. v. OSHRC*, 513 F.2d 201 (3d Cir. 1975) (per curiam); *Brennan v. OSHRC (Hanovia Lamp Div.)*, 502 F.2d 946 (3d Cir. 1974).

6. 29 U.S.C. §§ 651(b)(3); 659(a), (c) (1970).

7. 29 C.F.R. § 2200.33(a)(2)(1) (1975).

8. 29 U.S.C. § 660 (1970).

9. *Whitney Nat'l Bank v. Bank of New Orleans*, 379 U.S. 411, 422, 85 S.Ct. 551, 13 L.Ed.2d 386 (1965). See *McKart v. United States*, 395 U.S. 185, 193–95, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969); *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 48, 58 S.Ct. 459, 82 L.Ed. 638 (1938).

10. 303 U.S. at 50–51, 58 S.Ct. at 463.

11. See *Keystone Roofing & Harold E. Sweeney Corp. v. OSHRC*, 539 F.2d 960 (3d Cir. 1976). *See generally* cases cited in note 5 *supra*.

12. *Weinberger v. Salfi*, 422 U.S. 749, 765, 95 S.Ct. 2457, 2467, 45 L.Ed.2d 522 (1975).

13. *McKart*, 395 U.S. at 193–94, 89 S.Ct. 1657.

14. Prior judicial intervention would tend to disrupt a statutory scheme which is designed to provide swift issuance of abatement orders to protect employees endangered by the conditions of their work. *See* 29 U.S.C. § 659 (1970).

Accordingly, the judgment of the district court will be vacated, and the proceeding remanded with instructions to dismiss for failure to exhaust administrative remedies.