Milton MORRIS, an Individual d/b/a
Milmor Manufacturing
Company, Plaintiff,

v.

UNITED STATES DEPARTMENT OF
LABOR, Defendant.

No. 77-5068.

United States District Court,
S. D. Illinois, S. D.

Sept. 20, 1977.

Lueders, Robertson & Konzen by R. Eric Robertson, Granite City, Ill., for plaintiff.

Gerald D. Fines, U. S. Atty., John C. Carver, Asst. U. S. Atty., Springfield, Ill., Timothy J. Pauley, U. S. Dept. of Labor, Chicago, Ill., for defendant.

## MEMORANDUM ORDER

J. WALDO ACKERMAN, District Judge.

This cause grows out of plaintiff's motion to quash search warrant issued for an administrative search based on the Occupational Safety and Health Act.

### FACTS

Plaintiff Milton Morris owns and operates a steel fabricating business located at 1300 McKinley Avenue, Venice, Illinois.

The business manufactures various types of containers for trucks and other vehicles and is engaged in interstate commerce. On March 14, 1977, the compliance officer of the Occupational Safety and Health Administration, United States Department of Labor, sought entry into plaintiff's work place at Venice for the purpose of performing an occupational safety and health inspection under the provision of the Occupational Safety and Health Act (29 U.S.C. §§ 651 et seq.). The compliance officer was denied entry.

On April 1, 1977, the compliance officer sought and received a warrant for inspection of plaintiff's premises from United States Magistrate Ronald C. Mottaz. On the same date the compliance officer again presented himself at plaintiff's premises and demanded entry. Plaintiff honored the warrant, but on the same date filed with this Court his petition to quash warrant for inspection under the Occupational Safety and Health Act of 1970 and to suppress the evidence obtained.

On April 8, 1977, plaintiff was issued two citations and notifications of penalties for violations of the Act. On April 28, 1977, petitioner's attorney invoked the jurisdiction of the OSHA Review Commission by a notice of contest. Plaintiff in his notice to the OSHA Commission raised the constitutional defenses that are currently pending here.

The issues are: the constitutionality of the Act itself, the requirement of exhaustion of administrative remedies and the validity of the warrant issued.

I.

▇ The attack on the constitutionality of the Act is based on the premise that since § 8(a) of the Act (29 U.S.C. § 657(a))[1] on its face authorizes warrantless searches it is in violation of the Fourth Amendment.

▇ A number of courts have spoken to this issue.[2] The constitutionality of that section is currently pending before the Supreme Court in *Marshall v. Barlow's, Inc.,* No. 76–1143, probable jurisdiction noted, 430 U.S. 964, 97 S.Ct. 1642, 52 L.Ed.2d 354 (1977). Under those circumstances it seems sufficient to say that it is this Court's duty to construe a statute, if possible in a manner consistent with the Fourth Amendment. *Ashwander v. Tennessee Valley Authority,* 297 U.S. 288, 348, 56 S.Ct. 466, 80 L.Ed. 688 (Brandeis, J. concurring). At least two courts, *Brennan v. Gibson's Products, Inc., of Plano,* 407 F.Supp. 154 (E.D.Tex.1976) (three-judge court) (appeal pending Fifth Circuit) and *Dunlop v. Hertzler Enterprises, Inc.,* 418 F.Supp. 627 (D.C.N.Mex.1976)

---

1. 29 U.S.C. § 657(a) provides:

   Inspections, Investigations and Record Keeping. .
   · (a) In order to carry out the purposes of this Chapter, the Secretary, upon presenting appropriate credentials to the owner, operator or agent in charge is authorized—
   (1) to enter without delay and at reasonable times any factory, plant, establishment, construction site, or other area, work place or environment where work is performed by an employee of an employer; and
   (2) to inspect and investigate during regular working hours and at other reasonable times and within reasonable limits and in a reasonable manner, any such place of employment and all pertinent conditions, structures, machines, apparatus, devices, equipment and materials therein, and to question privately any such employer, owner, operator, agent or employee.

2. See e. g., *Brennan v. Buckeye Industries, Inc.,* 374 F.Supp. 1350 (S.D.Ga.1974) (appeal pending Fifth Circuit); *Brennan v. Gibson's Products, Inc., of Plano,* 407 F.Supp. 154 (E.D.Tex. 1976) (three-judge court) (appeal pending Fifth Circuit); *Barlow's, Inc. v. Usery,* 424 F.Supp. 437 (D.C.Idaho 1977) (appeal pending in the Supreme Court sub nom. *Marshall v. Barlow's, Inc.,* No. 76–1143, 430 U.S. 964, 97 S.Ct. 1642, 52 L.Ed.2d 354); *Dunlop v. Hertzler Enterprises,* 418 F.Supp. 627 (D.C.N.Mex.1976) (three-judge court) (appeal pending Tenth Circuit); *In Matter of the Establishment Inspection of Gilbert and Bennett Manufacturing Company* (N.D.Ill.Civil Docket 77 C 856, April 12, 1977); *Dunlop v. Able Contractors* (D.C.Mont. Civil No. 75–57–BLG, December 15, 1975) (appeal pending Ninth Circuit No. 76–1615) and *Usery v. Centrif-Air Machine Company, Inc.,* 424 F.Supp. 959 (N.D.Ga.1977).

(three-judge court) (appeal pending Tenth Circuit) have sought to apply this principle by interpreting § 8(a) to require the Secretary to seek an inspection warrant where the OSHA inspectors are refused entry.

I believe this to be the proper interpretation of § 8(a) and the statute is not unconstitutional when so interpreted. Further the Secretary through the OSHA compliance officers followed exactly that procedure in this case.

Thus, the question that remains is whether the warrant here was issued upon a proper showing under the standards announced in the Supreme Court decisions *Camara v. Municipal Court,* 387 U.S. 523, 87 S.Ct. 1727, 18 L.Ed.2d 930 (1966) and *See v. City of Seattle,* 387 U.S. 541, 87 S.Ct. 1737, 18 L.Ed.2d 943 (1966). However, before reaching that question I must deal with defendant's argument concerning exhaustion of administrative remedies.

## II.

Defendant asserts that the doctrine of exhaustion of administrative remedies requires that plaintiff present his case to the OSHA Review Commission and that this Court is without jurisdiction to decide the validity of the search warrant. It is clear that Congress, through the creation of the Occupational Safety and Health Act of 1970, created a methodology for the plaintiff to litigate his claim. Under the Act, the petitioner is entitled to a full administrative hearing, 29 U.S.C. § 659(c), with the burden of proof on the Secretary, 29 C.F.R. 2200.73, followed by a complete judicial review in the Court of Appeals, 29 U.S.C. § 660(a), whose judgments are reviewable in the Supreme Court on certiorari, 29 U.S.C. § 660(a); 28 U.S.C. § 1254. In support of its assertion defendant cites the cases of *W.E.B. DuBois Clubs of America v. Clark,* 389 U.S. 309, 88 S.Ct. 450, 19 L.Ed.2d 546 (1967) and *Lance Roofing Co. v. Hodgson,* 343 F.Supp. 685 (N.D.Ga.1972) (three-judge court) *aff'd mem.* 409 U.S. 1070, 93 S.Ct. 679, 34 L.Ed.2d 659 (1972).

At the outset, it should be noted that neither of these actions sought to suppress evidence before the OSHA Review Commission. In *DuBois,* plaintiffs sought injunctive and declaratory relief on the ground that the Internal Securities Act was unconstitutional on its face and as applied, while in *Lance Roofing,* plaintiff sought similar relief on similar grounds after the OSHA Review Commission summarily denied plaintiff's request for procedural due process and trial by jury.

In both the *DuBois* and the *Lance Roofing* cases the court declined to rule on difficult questions of constitutional law before the facts were fully developed and refined by the hearings before the administrative agency and while there remained the possibility that the matter could be resolved in plaintiff's favor without reaching the constitutional questions.

That rationale is not applicable here. Counsel for plaintiff, in the hearing on plaintiff's motion for temporary injunction appeared to admit that violations had occurred, but claimed they have now been cured. Under these circumstances it seems inappropriate to remand to the Commission on the ground that resolution of factual matters might obviate difficult constitutional questions since statements of plaintiff's counsel strongly indicate that the facts cannot be resolved in plaintiff's favor.

Other cases as well have applied the exhaustion doctrine in OSHA matters. See *In Matter of Restland Memorial Park,* 540 F.2d 626 (3rd Cir. 1976) and *Frank Irey, Jr., Inc. v. Hodgson,* 354 F.Supp. 20 (N.D.W.Va. 1972) (three judge court) *aff'd mem.* 409 U.S. 1070, 93 S.Ct. 682, 34 L.Ed.2d 659 (1972). The decision in *Restland* is particularly interesting since there as here, plaintiff sought to quash an executed warrant, but on the grounds that Restland was not within the jurisdiction of the OSHA Commission. The District Court refused to quash the warrant but the Court of Appeals vacated that decision and remanded with instructions to dismiss on the ground of failure to exhaust administrative remedies.

The Third Circuit there reasoned that the OSHA Review Commission had the compe-

tency and expertise to rule on the scope of its own jurisdiction. But the ultimate issue in this case is whether the warrant was issued with probable cause. That question is not one within the competency and expertise of the OSHA Review Commission. It seems to me at best unfair, to require plaintiff to exhaust his administrative remedies with the attendant costs before he can receive a court ruling on the propriety of the warrant.

Further, since the attack here is on the warrant issued by this Court through its magistrate, I find that this Court must retain the power to determine the legality of its process just as it must retain jurisdiction to enforce its process by contempt if necessary.

On these grounds and on the grounds cited by plaintiff in his brief, I hold that exhaustion is not required in this case.

### III.

Finally then, I reach the ultimate question, whether the warrant here was issued in violation of the Fourth Amendment. The Fourth Amendment provides that:

[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

■ It is clear that the warrant issued here should be characterized as an inspection warrant and therefore governed by the standards announced in *Camara v. Municipal Court*, 387 U.S. 523, 87 S.Ct. 1727, 18 L.Ed.2d 930 (1966) and *See v. City of Seattle*, 387 U.S. 541, 87 S.Ct. 1737, 18 L.Ed.2d 943 (1966). *Camara* and *See* held that in the face of refusal to allow city inspectors to enter either residential or commercial premises a warrant was required directly

overruling *Frank v. Maryland*, 359 U.S. 360, 79 S.Ct. 804, 3 L.Ed.2d 877 (1959).[3] The question here posed concerns the showing necessary to obtain such an inspection warrant.

Plaintiff contends that no probable cause was shown for issuance of the warrant and therefore the search violated the Fourth Amendment. As Justice White said in *Camara*, "[i]n cases in which the Fourth Amendment requires that a warrant to search be obtained, 'probable cause' is the standard by which a particular decision to search is tested against the constitutional mandate of reasonableness." *Camara*, *supra*, 387 U.S. at 534, 87 S.Ct. at 1734. Reasonableness is to be determined " . . . by balancing the need to search against the invasion which the search entails." *Camara*, *supra* at 537, 87 S.Ct. at 1735.

Thus in *Camara* the court held that:

. . . "probable cause" to issue a warrant must exist if reasonable legislative or administrative standards for conducting an area inspection are satisfied with respect to a particular dwelling. Such standards will vary with the municipal program being enforced, may be based with the passage time, the nature of the building (e. g., a multifamily apartment house), or the condition of the entire area, but they will not necessarily depend upon specific knowledge of the condition of a particular dwelling . . But reasonableness is still the ultimate standard. If a valid public interest justifies the intrusion contemplated, then there is probable cause to issue a suitably restricted warrant. *Camara*, *supra* at 538–539, 87 S.Ct. at 1736.

■ With these authorities in mind, I believe that probable cause is a variable to be determined on a sliding scale. The public interest asserted by the government must be balanced against the scope of the intrusion. The public interest in this instance is exhibited by the statute itself

---

**3.** *Frank* restated and reaffirmed the long history of administrative inspections without the necessity of a search warrant. I believe that this state of the law prior to the *Camara* and

*See* decisions is an important fact to consider when seeking to determine the level of probable cause required to obtain a warrant when engaging in the balancing required by *Camara*.

while the scope of the intrusion can be seen by the application for the warrant.

■ The public interest the government asserts here, is the protection of the health and welfare of individual workers through standards promulgated by the Secretary of Labor as authorized by Congress in the Occupational Safety and Health Act, 29 U.S.C. § 651 *et seq.* Congress found that personal injuries and illnesses arising out of work situations imposed a substantial burden on interstate commerce. Invoking its powers under the commerce clause and the general welfare clause, Congress declared, through the Occupational Safety and Health Act, its purpose and policy to assure, as far as possible, safe and healthful working conditions for every working man and woman in the nation. 29 U.S.C. § 651(b). It seems safe to say that the Congress rated this interest to be one of importance.

On the other side of the scale is the scope of the intrusion. That can be seen through an examination of the application for the warrant which states that: the applicant is a duly authorized compliance officer of the Occupational Safety and Health Administration; that the establishment sought to be inspected is one subject to the requirements of the Occupational Safety and Health Act; that the inspection is part of an inspection and investigation program designed to insure compliance with the Act; that the inspection would be conducted pursuant to the regulations issued by the Secretary and found at 29 C.F.R. 1903; that the inspection would be conducted during regular working hours or at other reasonable times; that the inspection would extend to the area where work was performed by employees and all pertinent structures, machines, etc., including records, files and papers bearing on whether the employer was furnishing the place of employment free from recognized hazards; that the Act and regulations authorized the officer to take photographs, samples, and to employ other reasonable investigative techniques including the questioning of any employer or employee; that the compliance officers may be accompanied on their inspection by a representative of the employer and representative authorized by employees; that a return would be made to the Court at the completion of the inspection; and that entry had been refused the inspection officer on the 14th day of March, 1977.

· An examination of the statute and the application for the warrant convinces me that: " . . . a valid public interest justifies the intrusion contemplated . . ." *Camara, supra,* 539, 87 S.Ct. 1736. Thus, probable cause to issue a suitably restricted search warrant exists and therefore I believe the warrant valid.

■ Plaintiff argues that all the restrictions set forth in the application are statutory and thus the warrant fails to suitably restrict the scope of the search. This seems to miss the point. It should not be determinative whether the restrictions on the scope of the search are placed there by statute or otherwise.

■ Plaintiff further argues that the warrant is invalid since no facts other than that the inspector was refused entry were alleged in the warrant application. At least one case seems to support this proposition. *Dunlop v. Hertzler Enterprises, Inc.,* 418 F.Supp. 627, 629 n. 3 (D.C.N.Mex.1976) (three-judge court) (appeal pending 10th Circuit). On the other hand at least one Court of Appeals opinion and one Supreme Court Justice felt that the *Camara* decision implied that probable cause for an inspection warrant could be found solely from the refusal to admit the inspector. *See v. City of Seattle,* 387 U.S. 541, 554, 87 S.Ct. 1737, 18 L.Ed.2d 943 (1966) (Clark, J. dissenting) and *Colonnade Catering Corp. v. U. S.,* 410 F.2d 197, 203 (2nd Cir. 1969) reversed 397 U.S. 72, 90 S.Ct. 774, 25 L.Ed.2d 60 (1969).

I do not believe that *Camara* and *See* may be correctly interpreted so that mere refusal to permit entry can furnish the necessary probable cause. Refusal to permit entry is only important since it is that action which requires the application for the warrant. To give this fact any other weight is to draw an inference of wrongdoing from the exercise of a constitutional

right. Such an inference, even if supported by logic, should not be drawn.

However, neither do I fully agree with the analysis in the *Hertzler* decision. That analysis clearly has its roots in the fear that the magistrate will become a mere rubber stamp for the inspection officer in administrative search situations. *See v. City of Seattle*, 387 U.S. 541, 87 S.Ct. 1737, 18 L.Ed.2d 943 (1966) (Clark, J. dissenting). It is true that the only objective fact having reference to the particular establishment sought to be inspected, cited in the application for the warrant is that entry was refused. However, the *Hertzler* characterization of the warrant application as merely conclusory statements reciting the statutory provision does not take into account the balancing of the public interest against the scope of the invasion of privacy required by the majority in *Camara* and *See*.

The statute here, asserts the public interest the government seeks to further. The application for the warrant suitably limits the scope of the search. The appearance before the magistrate meets the objections of the Supreme Court to the system existing under the *Frank* decision[4] in that it assures that a neutral magistrate has determined that: (1) OSHA requires inspection of his premises; (2) the inspector is acting under proper authorization; and (3) that the lawful limits of the inspector's power to search have been delineated. *Camara, supra*, 387 U.S. at 532, 87 S.Ct. 1727.

Thus in effect, when properly presented to the magistrate, the Occupational Health and Safety Act both provides the valid public interest and the suitable restrictions on the search. The Act provides, through the balancing of interests mandated in *Camara* and *See*, probable cause to issue the warrant.

Realizing the importance of this question and the novelty of the issues raised, I will entertain a motion by plaintiff to stay the effect of this order pending appeal pursuant to Federal Rule of Civil Procedure 62(c) should such a motion be made.

Plaintiff's motion to quash warrant and suppress evidence is denied and the cause dismissed with leave granted to seek stay of the order pending appeal.